FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,
                Plaintiff,
    -against-
IMMACULA DONCHANCE VILUS,
                Defendant,
    -and-
CITIBANK, N.A.,
                Garnishee.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
04-CV-5541 (CBA)

**AMON, United States District Judge:**

Currently before the Court is a motion made by the United States of America to enforce by order of garnishment the default judgment against defendant and debtor Immacula Donchance Vilus, brought pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 et seq. Because the United States has failed to properly serve Vilus and to comply with the procedures required by the FDCPA, the United States' motion is denied.

## BACKGROUND

In December 2004, the United States filed this action to recover outstanding student-loan debt from Vilus. (D.E. # 1.) Vilus failed to appear, and upon the United States' request, the Clerk of Court entered default against Vilus on June 7, 2005. (D.E. # 5.) On September 13, 2005, the Honorable Charles P. Sifton, United States District Judge for the Eastern District of New York, entered a default judgment in the amount of $6,618.61, plus interest. (D.E. # 13.) Nearly a decade later, on August 12, 2015, the United States filed a motion for a writ of continuing garnishment. (D.E. # 14.) The writ issued as to Citibank, N.A., the garnishee, on August 13, 2015, and the United States moved to enforce the judgment by order of garnishment on November 13, 2015. (D.E. # 14, 19.)

1

The case was subsequently reassigned to this Court on November 16, 2015. In compliance with this Court's ruling in United States v. Myhal, 99-CV-5759 (CBA), (D.E. # 7 at 5), the United States filed a new application for a writ of continuing garnishment on November 19, 2015, (D.E. # 20–21). This Court reviewed the writ and issued it as to Citibank, N.A. on December 17, 2015. (D.E. # 23.) On January 6, 2016, the United States filed an affidavit of service, indicating that on December 30, 2015, it served defendant at Vilus' last known address, 345 Lincoln Place, Apt. #1D, Brooklyn, NY 12238. (D.E. # 26.) The affidavit further indicates that the following documents were served: (1) a copy of the writ of continuing garnishment; (2) a copy of the application for a writ of continuing garnishment; (3) instructions to the defendant-judgment debtor; (4) a copy of the clerk's notice of post-judgment garnishment required under 28 U.S.C. § 3202(b); and (5) notice to the defendant-debtor on how to claim exemptions. (Id.) The affidavit does not provide the name of the person served, and merely describes the individual as a 60-year-old male who has black skin and black hair, is 5'10" tall, and weighs 190 pounds. (Id.)

On January 6, 2016, Citibank, N.A. answered the writ of continuing garnishment, (D.E. # 25), and the United States filed a motion for an order of garnishment on February 19, 2016, (D.E. # 27). Vilus subsequently filed a letter on March 21, 2016, requesting that the Court dismiss the garnishment. (D.E. # 28.)

## DISCUSSION

### I.  FDCPA Requirements

The FDCPA "provides the exclusive civil procedures for the United States to recover a judgment on a debt." Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd., 609 F.3d 111, 116 (2d Cir. 2010) (quoting 28 U.S.C. § 3001(a)(1)). Subchapter C of the FDCPA provides that "[a] judgment may be enforced by any of the remedies set forth in this subchapter," 28 U.S.C.

§ 3202(a), one of which is garnishment, id. § 3205. To recover a judgment by writ of garnishment, the United States must comply with two sections of the FDCPA, codified at § 3202 and § 3205 of Title 28 of the United States Code. Section 3202 establishes general requirements for the government to enforce a judgment through any remedy in subsection C, and section 3205 provides additional requirements to obtain an order of garnishment.

Whenever the United States seeks to recover judgment on a debt, § 3202 requires counsel for the United States to prepare, and the Clerk of Court to issue, a notice of the proceeding. Id. § 3202(b). The statute contains a sample clerk's notice, and the notice issued must be "substantially" in the form provided by the statute. Id. The notice alerts the debtor of her right to: (1) ask the court to return her property if she believes the property at issue qualifies under an exemption or if the debtor thinks she does not owe the money that the United States claims she does; and (2) request a hearing to explain why she believes her property is exempt or why she does not owe the United States money. Id. The notice must also inform the debtor that if she lives outside the federal judicial district in which the court is located, she has the right to request that the Court transfer the matter to the federal judicial district in which she resides. Id. The notice should instruct the debtor that she must make her request in writing, and either mail it or deliver it in person to the Clerk of the Court and send a copy to the government. Id. Furthermore, the notice must provide the debtor with the address of the Clerk of the Court and the counsel for the United States. Id.

Section 3202 further requires counsel for the United States to serve the following on the debtor: (1) a copy of the notice issued by the Clerk of Court required under § 3202(b), and (2) a copy of the application for granting a remedy under subchapter C. Id. § 3202(c). Within 20 days of receiving this notice, the debtor may request a hearing, which is to be limited to the issues listed

3

in 28 U.S.C. § 3202(d). The issues the debtor may raise at a hearing include the probable validity of any claim of exemption by the debtor and the government's compliance with statutory requirements for the issuance of the post-judgment remedy. Id. § 3202(d).

Here, the United States seeks to recover a judgment on a debt through garnishment, so it must also comply with the procedures concerning garnishment in § 3205. Section 3205 establishes the requirements for an application for a writ of garnishment, id. § 3205(b), and for a writ of garnishment, id. § 3205(c)(2). If the court determines that these requirements are satisfied, it shall issue an appropriate writ of garnishment. Id. § 3205(c)(1). Once the writ is issued, the United States must serve the following on the garnishee and the debtor: (1) the writ of garnishment; (2) instructions explaining that the garnishee must submit a written answer to the writ, where the answer must be filed, and on whom it must be served; and (3) instructions telling the judgment debtor how she can object to the garnishee's answer and obtain a hearing on those objections. Id. § 3205(c)(3). The garnishee must file its answer with the Court and serve a copy on the debtor and counsel for the United States. Id. § 3205(c)(4). Although the FDCPA establishes that the garnishee should serve the answer on the debtor, service by the United States may be permissible insofar as it is not inconsistent with the FDCPA to permit the United States to take on the garnishee's responsibility. Only after all these documents have been served—and no hearing requests or objections have been timely filed—will the court issue an order of garnishment. Id. § 3205(c)(7). However, a garnishment is terminated by: (1) a court order quashing the writ of garnishment; (2) exhaustion of the property in the possession, custody, or control of the garnishee in which the debtor has a substantial nonexempt interest; or (3) satisfaction of the debt with respect to which the writ is issued. Id. § 3205.

## II. The United States Has Failed To Properly Serve Vilus

As a threshold matter, the United States' motion is denied because it has not properly served Vilus as required by 28 U.S.C. § 3205(c)(3). The United States filed an affidavit of service dated December 30, 2015, which asserts that the deponent delivered documents "to said defendant personally," and that "deponent knew said person so served to be the person described as said defendant therein." (D.E. # 26.) However, it is plain that the person identified in the affidavit of service—a 60-year-old male—is not the defendant, Vilus. (See id.) The United States' affidavit thus contains plainly false statements concerning the completion of service.

Moreover, setting aside this false statement, the United States did not complete proper service. Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served pursuant to the provisions of state law. The relevant New York statute provides that service upon an individual can be made by delivering the summons to "the person to be served," N.Y. C.P.L.R. § 308(1), or to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by mailing a copy of the summons to the person's "last known residence," id. § 308(2). Here, however, the United States did not serve the required documents on Vilus or any other person permitted by statute. The United States did not serve the required documents to a person at the actual "dwelling place or usual place of abode of the person to be served," and there is no evidence that the United States mailed the required documents to Vilus' last known address. Id. Vilus asserts that she currently resides in Florida, (D.E. # 28), rather than the Brooklyn address at which the required garnishment documents were served. Although Vilus' assertion that she did not reside at the Brooklyn address at the time of service is contained in an unsworn document, the Court "giv[es] due latitude to the pro se Defendant," and

finds that "this is enough to raise a question as to the" propriety of the United States' service. United States v. Cally, 197 F.R.D. 27, 28–29 (E.D.N.Y. 2000).

## III. The United States Has Failed to Comply with the Requirements of the FDCPA

Even if the United States had properly served Vilus, the United States' notice of post-judgment garnishment fails to comply with the requirements of § 3202. The United States sent Vilus a notice explaining that she can request a hearing, which will take place "within 5 days" or as soon as possible after the Court receives the hearing request. (D.E. # 21-2 at 2.) According to the notice, Vilus may explain at this hearing, per § 3202(b), why she thinks she does not owe the United States money or how the garnished property is exempt under the FDCPA. (Id.) While this is a correct statement, it does not include all the information required by § 3202(b) to provide adequate notice. Under § 3202(b), the notice of post-judgment garnishment must state that the debtor has a "right to ask the court to return [her] property" if she believes the property at issue qualifies under an exemption or if the debtor thinks she does not owe the money that the United States claims she does. 28 U.S.C. § 3202(b). Although this omission may seem minor, it interferes with Vilus's ability to challenge the garnishment.

Furthermore, the notice does not instruct Vilus how to request that the proceeding be transferred to the federal judicial district where she resides. As required by § 3202(b), the notice explains that if Vilus lives outside the federal judicial district in which the court is located, she may request, within 20 days, that this proceeding be transferred to the federal judicial district in which she resides. (D.E. # 21-2 at 2.) This notice, however, does not sufficiently comply with § 3202(b), which requires the United States to give notice that the debtor must make her request in writing, and either mail it or deliver it in person to the Clerk of the Court and send a copy to the government. 28 U.S.C. § 3202(b). The government must also provide the debtor with the address

of the Clerk of the Court and the counsel for the United States. Id. The notice sent to Vilus does not include any of this information and is silent on how to request a transfer of the proceeding. This omission is particularly significant because Vilus currently resides outside of the Eastern District of New York, in Florida. (D.E. # 28.)

## CONCLUSION

For these reasons, the United States' motion to enforce judgment is denied. Counsel for the United States is granted 14 days leave to remedy the defects in its notice of post-judgment garnishment and to properly serve Vilus. Failure to do so will result in the termination of the writ of garnishment.

SO ORDERED.

Dated: September 26, 2016
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge